UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00178

**Churon Lee Earl James,**
*Plaintiff,*
v.
**Wayne Sanderson Farms, LLC,**
*Defendant.*

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, filed this action under Title VII, alleging that he was fired on account of his race, color, and gender. Doc. 6. The case was referred to a magistrate judge. The magistrate judge issued a report recommending that plaintiff's claim be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. 7. Plaintiff timely objected to the report. Doc. 8.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there are no objections, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

The magistrate judge recommended dismissal because plaintiff's complaint is devoid of any facts in support of a Title VII

discrimination claim. Doc. 7 at 2. Plaintiff's objections do not meaningfully respond to any of the magistrate judge's findings. Rather, the objections reassert plaintiff's claim in a general and conclusory fashion and allege, for the first time, that defendant created a hostile work environment. Doc. 8. As such, plaintiff's objections are improper and do not entitle him to de novo review.

Even if de novo review were warranted, plaintiff's claim would fail. A plaintiff pursuing a Title VII discrimination claim must plead sufficient facts "on all of the ultimate elements of a disparate treatment claim." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). In this context, those elements are "(1) an adverse employment action, (2) taken against a plaintiff because of their protected status." *Id.* at 599 (cleaned up).

Here, plaintiff checked a box on a standard complaint form to indicate that he was terminated because of his race, color, and sex. Doc. 6 at 3. However, there are no *facts* in the complaint indicating that plaintiff was terminated *because* of his protected status or that others outside his protected class received different treatment. These bare, conclusory allegations are insufficient to state a discrimination claim under Title VII. *See Olivarez*, 997 F.3d at 600 (affirming a district court's dismissal where the complaint did not "contain any facts about any comparators at all.").

Having reviewed the record and being satisfied that there is no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. Accordingly, the court dismisses this action with prejudice under 28 U.S.C. § 1915(e)(2)(B). Any pending motions are denied as moot.

*So ordered by the court on September 29, 2025.*

J. Campbell Barker
United States District Judge